UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RONNELL PERKINS,<br><br>        Plaintiff,<br><br>   v.<br><br>D.G. STOCKMAN, et al.,<br><br>        Defendants. | CV F- 04-5806 OWW DLB P<br><br>ORDER RE PLAINTIFF'S MOTIONS<br>TO COMPEL<br>[DOCS 27, 37] |

Plaintiff has filed a civil rights complaint and paid the filing fee in full for initiating this action. Pending before the Court are two motions to compel discovery filed by plaintiff on August 2, 2005 and September 7, 2005. Defendants filed oppositions to the motions on August 17, 2005 and September 26, 2005.

**BACKGROUND**

Plaintiff alleges that defendants McEnroe and Montgomery falsely accused him of being an active participant in a conspiracy to assault a correctional officer. Plaintiff alleges the false, unfounded and unwarranted accusations led to CDC 114-D Lock Up Orders dated July 1, 2003 and August 19, 2003 which resulted in plaintiff's retention in administrative segregation for a 92-day

period.  Plaintiff alleges defendant Stockman, as chairman of the Institution Classification Committee, retained plaintiff in administrative segregation despite the absence of disciplinary reasons or a threat to the security of the institution.  Plaintiff alleges that defendants Halberg and Hense were also involved and responsible for his retention in administrative segregation.  Plaintiff alleges defendants' actions were taken in retaliation for plaintiff's civil complaint against prison officials in *Perkins v. Terhune* CV 99-20440JW (PR).  Plaintiff also alleges that defendants falsely identified him as a member of the Raymond Avenue Crips and thereby recommended plaintiff's retention in administrative segregation and transfer to another institution.  Plaintiff's motions deal with defendants' responses to requests for production of documents and interrogatories in which plaintiff requests documents and information used by defendants in placing plaintiff in administrative segregation on July 1, 2003.  Plaintiff argues that he needs to examine and copy the documents in order to prove that defendants did not received information which identified him as a co-conspirator to assault the correctional staff as alleged in the CDC 114 D dated July 1, 2003.

Defendants argue that the issue is moot because it has already been established that following the investigation conducted by prison personnel, no information surfaced connecting plaintiff to the conspiracy.  Defendants argue this is clearly noted in an August 12, 2003 CDC 128-B chrono which is part of plaintiff's C-file and which is already in plaintiff's possession as he refers to it in his declaration.  Defendants argue there is no issue whether there are any documents that identify plaintiff as a co-conspirator and therefore there is no need to compel additional discovery from defendants so plaintiff can "prove" that he was not identified as a co-conspirator.

Defendants have also asserted the official information privilege and identified the protected documents on a privilege log served with their discovery responses.  Defendants represent that the requested documents consist of investigations performed within the California Department of Corrections and Rehabilitation and contain information relating to prison gang activity and related investigations and lists of individuals which may be averse to plaintiff, or vice versa.  Defendants state that disclosure of the document would severely endanger the safety of numerous inmates and civilians as the documents identify inmates who provided confidential information to the

1  Department. Defendants argue that the identity of these inmates cannot be protected by simply
2  redacting their names because the description of events and information, and in some cases the dates,
3  could reveal the identity of the informants. If the Court is inclined to grant plaintiff's motion,
4  defendants request an *in camera* hearing prior to disclosure. Plaintiff does not object to an *in*
5  *camera* review. *See* Plaintiff's Second Motion to Compel at 3:16-28.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged,
> which is relevant to the claim or defense of any party, including the
> existence, description, nature, custody, condition, and location of any
> books, documents, or other tangible things and the identity and
> location of persons having knowledge of any discoverable matter . . . .
> The information sought need not be admissible at trial if the
> information sought appears reasonably calculated to lead to the
> discovery of admissible evidence.

In federal question cases, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state. Fed. R. Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989); Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975). Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 198 (9th Cir. 1975). The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken." Id.

The information sought by plaintiff related to plaintiff's placement in administrative segregation on July 1, 2003 appears to be relevant to plaintiff's claims of retaliation. However, the Court is mindful of the sensitive nature of the information and the potential consequences of disclosure. The Court will therefore conduct an *in camera* review of the documents identified on defendants' privilege log prior to ordering disclosure.

Based on the foregoing, defendants are HEREBY ORDERED to produce the documents identified on their privilege log for *in camera* review. Defendants shall submit the documents under

1 seal with the Court within ten (10) days of this Order.
2     IT IS SO ORDERED.
3     **Dated:   November 15, 2005**                    **/s/ Dennis L. Beck**
3c0hj8                                                  UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California                                4