UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY RONNELL PERKINS, | ) | CV F- 04-5806 OWW DLB P |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTIONS TO COMPEL AFTER IN |
| v. | ) | CAMERA REVIEW OF DOCUMENTS |
| | ) | [DOCS 27, 37] |
| D.G. STOCKMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

      Plaintiff has filed a civil rights complaint and paid the filing fee in full for initiating this action. Pending before the Court are two motions to compel discovery filed by plaintiff on August 2, 2005 and September 7, 2005. Defendants filed oppositions to the motions on August 17, 2005 and September 26, 2005. On November 15, 2005, the Court ordered defendants to produce for in camera review, documents identified in their privilege log. On November 28, 2005, defendants produced 66 pages of documents for which they have asserted the official information privilege.

      In this case, plaintiff alleges that defendants McEnroe and Montgomery falsely accused him of being an active participant in a conspiracy to assault a correctional officer. Plaintiff alleges the false, unfounded and unwarranted accusations led to CDC 114-D Lock Up Orders dated July 1, 2003 and August 19, 2003 which resulted in plaintiff's retention in administrative segregation for a 92-day

period. Plaintiff alleges defendant Stockman, as chairman of the Institution Classification Committee, retained plaintiff in administrative segregation despite the absence of disciplinary reasons or a threat to the security of the institution. Plaintiff alleges that defendants Halberg and Hense were also involved and responsible for his retention in administrative segregation. Plaintiff alleges defendants' actions were taken in retaliation for plaintiff's civil complaint against prison officials in *Perkins v. Terhune* CV 99-20440JW (PR). Plaintiff also alleges that defendants falsely identified him as a member of the Raymond Avenue Crips and thereby recommended plaintiff's retention in administrative segregation and transfer to another institution.

The present motions deal with defendants' responses to requests for production of documents and interrogatories in which plaintiff requests documents and information used by defendants in placing plaintiff in administrative segregation on July 1, 2003. Plaintiff argues that he needs to examine and copy the documents in order to prove that defendants did not receive information which identified him as a co-conspirator to assault the correctional staff as alleged in the CDC 114 D dated July 1, 2003.

Defendants argue that the issue is moot because it has already been established that following the investigation conducted by prison personnel, no information surfaced connecting plaintiff to the conspiracy. Defendants argue this is clearly noted in an August 12, 2003 CDC 128-B chrono which is part of plaintiff's C-file and which is already in plaintiff's possession as he refers to it in his declaration. Defendants argue there is no issue whether there are any documents that identify plaintiff as a co-conspirator and therefore there is no need to compel additional discovery from defendants so plaintiff can "prove" that he was not identified as a co-conspirator.

Defendants have also asserted the official information privilege and identified the protected documents on a privilege log served with their discovery responses. Defendants represent that the requested documents consist of investigations performed within the California Department of Corrections and Rehabilitation and contain information relating to prison gang activity and related investigations and lists of individuals which may be averse to plaintiff, or vice versa. Defendants state that disclosure of the document would severely endanger the safety of numerous inmates and

1  civilians as the documents identify inmates who provided confidential information to the
2  Department.  Defendants argue that the identity of these inmates cannot be protected by simply
3  redacting their names because the description of events and information, and in some cases the dates,
4  could reveal the identity of the informants.
5       The Court has reviewed the documents submitted by defendants and agrees that the
6  documents contain highly sensitive information which could, if disclosed, severely endanger the
7  safety of numerous inmates and civilians.  The Court also agrees that the identity of the inmates
8  cannot be protected by simply redacting their names because the description of the information could
9  reveal the identity of the informant.
10      The documents also have very limited probative value to the issues in this case.  At most, the
11 documents reveal that plaintiff's name was included on lists of inmates who were possibly members
12 of the Crips and that he was identified by an inmate as a member of the Crips during a confidential
13 debriefing.  Indeed, defendants have conceded the very point that plaintiff claims he needs the
14 documents to prove,  there was and is no evidence connecting plaintiff to the conspiracy to assault
15 correctional officers.  Given the very sensitive nature of the information, combined with the limited
16 relevance of the documents, and defendants' concession, plaintiff's motions to compel are HEREBY
17 DENIED.
18      Notwithstanding, the Court's Order, defendants are reminded that they will not be permitted
19 to introduce into evidence at trial any information which was subject to a discovery request by
20 plaintiff and not provided by defendants.  Additionally, where information relied upon by defendants
21 in support of a motion for summary judgment is such that it cannot be revealed to plaintiff,
22 defendants must be prepared to address the constitutional issues raised by requesting that a trial court
23 rely such evidence.

26      IT IS SO ORDERED.
27      **Dated:   December 1, 2005**                    **/s/ Dennis L. Beck**

1  3c0hj8                                    UNITED STATES MAGISTRATE JUDGE